UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY JAMES TAYLOR,

    Plaintiff,

v.                                    Case No. 3:21cv4691-MCR-HTC

OFFICER FILIPI, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *in forma pauperis*, initiated this action by filing a *pro se* civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be DISMISSED without prejudice as malicious for abuse of

the judicial process based on Plaintiff's failure to provide truthful responses on the complaint form.[1]

## I. STANDARD OF REVIEW

Because Plaintiff is (1) a prisoner seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at

---

[1] The undersigned also notes that based on a review of the complaint, Plaintiff admits he did not exhaust the administrative remedies at the Okaloosa County Jail. Namely, under Section III. A., Plaintiff states he did not file a formal grievance and says the complaint is his formal grievance. ECF Doc. 1 at 3-4. Likewise, he admits he did not file an appeal. *Id.* Thus, even if Plaintiff had truthfully disclosed his litigation history, this case would nonetheless be subject to dismissal for failure to exhaust. *See Booth v. Churner*, 532 U.S. 731, 739 (2001).

Case No. 3:21cv4691-MCR-HTC

\*1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## II. FAILURE TO DISCLOSE

On December 15, 2021, Plaintiff initiated this action by filing a civil rights complaint on a complaint form for prisoners. ECF Doc. 1. While not on this Court's official form, Plaintiff's complaint contains similar sections as those in this Court's form, including a previous litigation section. Also, this is not Plaintiff's first lawsuit in this Court. Thus, as a former litigant, Plaintiff is aware that complete disclosure of his litigation history is required. Indeed, page 5 of the complaint form expressly warns Plaintiff that "failure to disclose all prior civil cases may result in the dismissal of this case." ECF Doc. 1 at 5. Plaintiff nonetheless failed to disclose a case he previously filed.

In Plaintiff's complaint form, he was asked whether he had "initiated other actions . . . in either state or federal court that relate to the fact or manner of [his] incarceration . . . or the condition of [his] confinement." *Id.* at 6. Despite checking "YES," Plaintiff did not disclose *Taylor v. West*, et al., 3:18cv1721-LC-EMT (N.D. Fla. 2018), a case he filed in this District challenging his incarceration. The amended complaint in that case, bears Plaintiff's same name and inmate number 00028869,

and the signature in that case is identical to the signature in this case. There can be no doubt that his case was filed by Plaintiff and should have been disclosed.

Plaintiff's failure to disclose this prior action is not his only misrepresentation. Notably, section IV.D. of the complaint asks whether Plaintiff has "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service." ECF Doc. 1 at 6. Plaintiff checked the box next to the word "No." That representation was not truthful. On August 12, 2019, District Judge Wetherell adopted the undersigned's report and recommendation and dismissed Plaintiff's complaint for failure to state a claim. *Taylor v. Jones*, 3:18cv1722-TKW-HTC (N.D. Fla. 2018) ( ECF Doc. 22). Indeed, despite disclosing this case in response to a question posed in section IV.C., Plaintiff did not even disclose the case had been dismissed. Despite the above misrepresentations, Plaintiff signed his name at the end of the complaint after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." *Id.* at 8.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or

responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

### III. CONCLUSION

It is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file on this matter.

Done in Pensacola, Florida this 13th day of January, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.